IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SMART LOCAL 265 WELFARE FUND, ) </br> ) </br> SMART LOCAL 265 PENSION FUND, ) </br> ) </br> SMART LOCAL 265 JOINT APPRENTICE ) </br> TRAINING COMMITTEE, ) </br> ) </br> SHEET METAL WORKERS LOCAL 265 ) </br> INDUSTRY FUND, ) </br> ) </br> SMART LOCAL 265 SUPPLEMENTAL ) </br> RETIREMENT SAVINGS PLAN, ) </br> ) </br> SMART LOCAL 265 VACATION FUND, ) </br> ) </br> SMART LOCAL 265 LABOR MANAGEMENT ) </br> COOPERATIVE COMMITTEE TRUST FUND, ) </br> ) </br> KEVIN J. SCHELL, as Administrative Manager/ ) </br> Authorized Agent of Plaintiff Funds, and, ) </br> ) </br> SMART LOCAL 265, ) </br> ) </br>                   Plaintiffs, ) </br> ) </br> vs. ) </br> ) </br> R.G.H. HEATING & COOLING, INC., ) </br> an Illinois corporation, ) </br> ) </br> SANDRA SHINES, an individual, ) </br> ) </br>                   Defendants. ) | CIVIL ACTION </br></br> NO. 20 C 2338 </br></br> JUDGE |

**COMPLAINT**

The Plaintiffs, SMART LOCAL 265 WELFARE FUND, SMART LOCAL 265 PENSION FUND, SMART LOCAL 265 JOINT APPRENTICE TRAINING COMMITTEE, SHEET METAL WORKERS LOCAL 265 INDUSTRY FUND, SMART LOCAL 265 SUPPLEMENTAL

RETIREMENT SAVINGS PLAN, SMART LOCAL 265 VACATION FUND, SMART LOCAL 265 LABOR MANAGEMENT COOPERATIVE COMMITTEE TRUST FUND, KEVIN J. SCHELL, as Administrative Manager of the Plaintiff Funds (collectively referred to as the "Funds"), and SMART LOCAL 265 ("Union"), by their attorneys, complaining of the Defendants, R.G.H. HEATING & COOLING, INC., an Illinois corporation, and SANDRA SHINES, an individual, allege as follows:

## COUNT I

1. This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132, 1145 (hereinafter referred to as "ERISA"). Jurisdiction is based upon the existence of questions arising thereunder, as hereinafter more fully appears.

2. Plaintiffs SMART LOCAL 265 WELFARE FUND, SMART LOCAL 265 PENSION FUND, SMART LOCAL 265 JOINT APPRENTICE TRAINING COMMITTEE, SHEET METAL WORKERS LOCAL 265 INDUSTRY FUND, SMART LOCAL 265 SUPPLEMENTAL RETIREMENT SAVINGS PLAN, SMART LOCAL 265 VACATION FUND, SMART LOCAL 265 LABOR MANAGEMENT COOPERATIVE COMMITTEE TRUST FUND are various welfare, pension and related joint, labor-management funds and bring this action as "employee welfare benefit funds," and "plans," under ERISA, and Plaintiff KEVIN J. SCHELL is the Administrative Manager and/or authorized agent of Plaintiff Funds and a fiduciary with respect thereto. Plaintiff Funds are administered within this District.

3. Defendant, R.G.H. Heating & Cooling, Inc., is a party to a collective bargaining agreement with International Association of Sheet Metal, Air, Rail and Transportation Workers Local Union 265.

4. Defendant is obligated to make fringe benefit contributions to the Funds, under the terms of the certain "Agreements and Declarations of Trust," establishing and outlining the administration of these Funds, and pursuant to the terms of a collective bargaining agreement adopting these "Agreements and Declarations of Trust" and entered into by Defendant and SMART Local 265, which represents a bargaining unit, the members of which are beneficiaries of those Funds.

5. On March 15, 2019, Defendant, Sandra Shines, personally guaranteed, in writing, the payment of the fringe benefit contribution obligations to Plaintiffs of R.G.H. Heating & Cooling, Inc. By reason of the personal guarantee, Sandra Shines is an "employer" within the meaning of ERISA, 29 U.S.C. §1002(5).

6. As employers obligated to make fringe benefit contributions to the Funds, Defendants is specifically required to do the following:

(a) To submit to Plaintiffs for each month, by the 20th day of the month following the month for which the report is made, a report stating the names, social security numbers, and total hours worked in such month by each and every person on whose behalf contributions are required to be made by Defendants to Plaintiffs; or, if no such persons are employed for a given month, to submit a report so stating;

(b) To accompany the aforesaid reports with payment of contributions based upon an hourly rate as stated in the applicable agreements;

(c) To make all payroll books and records available to Plaintiffs for the purpose of auditing same, to determine whether Defendants are making full payment as required under the applicable agreements;

(d) To compensate Plaintiffs for the additional administrative costs and burdens imposed by Defendants' failure to pay, or untimely payment of, contributions by way of the

3

        payment of liquidated damages in the amount of 10 percent of any and all contributions which are not timely received by Plaintiffs for a particular month, as specified fully in Paragraph 4(a) above, together with the interest as provided in ERISA, 29 U.S.C. §1132(g);

(e)     To pay any and all costs incurred by Plaintiffs in auditing Defendants' payroll records should it be determined that Defendants were delinquent in the reporting or submission of all contributions required of it to be made to Plaintiffs;

(f)     To pay Plaintiffs' reasonable attorneys' fees and costs necessarily incurred in the prosecution of any action to require Defendants to submit their payroll books and records for audit or to recover delinquent contributions;

(g)     To furnish to Plaintiffs a bond with good and sufficient surety thereon, in an amount acceptable to Plaintiffs, to cover future contributions due the Plaintiffs.

7.     Defendants are delinquent and have breached their obligations to Plaintiffs and their obligations under the Plans in the following respects:

(a)     Defendants have failed and refused to submit all amounts due pursuant to the terms of a Promissory Note entered into on March 15, 2019 by Defendants for the repayment of contributions, liquidated damages and audit fees incurred for the period June 2017 through October 2018 (a copy of the Promissory Note executed on March 15, 2019 by Sandra Shines is attached hereto);

(b)     Defendant has failed and refused to submit all of its reports to Plaintiffs due to date and/or has failed to make payment of all contributions acknowledged by Defendants thereon to be due Plaintiffs. Defendants are, therefore, subject to liquidated damages, as authorized by the Trust Agreements. Plaintiffs have assessed liquidated damages against the Defendants, as authorized by the Trust Agreements, but Defendants have failed and refused to make payment of said liquidated damages.

8.     That upon careful review of all records maintained by them, and after application of any and all partial payments made by Defendants, there is a total of $61,173.24 known to be due Plaintiffs from Defendants, subject however, to the possibility that additional monies may be due Plaintiffs from Defendants, based upon Defendants' failure to submit all required reports or to accurately state all hours for which contributions are due on reports previously submitted, and subject

4

further to the possibility that additional contributions and liquidated damages will come due during the pendency of this lawsuit.

9. Plaintiffs have requested that Defendants perform their obligations as aforesaid, but Defendants have failed and refused to so perform.

10. Defendants' continuing refusal and failure to perform its obligations to Plaintiffs is causing and will continue to cause irreparable injuries to Plaintiffs for which Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs pray:

(A) That an account be taken as to all employees of Defendants covered by the collective bargaining agreement or agreements as to wages received and hours worked by such employees to determine amounts required to be paid to the Plaintiffs, covering the period for which the collective bargaining agreement is to be effective;

(B) That Defendants be enjoined and ordered to submit all delinquent monthly contribution reports to Plaintiffs with the information required to be provided thereon, to continue to submit such reports while this is pending, and to comply with their contractual obligation to timely submit such reports in the future;

(C) That judgment be entered in favor of Plaintiffs and against Defendants for all unpaid contributions, liquidated damages, any costs of auditing Defendants' records, accrued interest, and Plaintiffs' reasonable attorneys' fees and court costs necessarily incurred in this action as specified herein, or as subsequently determined, all as provided for in the plans and in ERISA;

(D) That Plaintiffs have such further relief as may be deemed just and equitable by the Court, all at Defendants' cost.

## **COUNT II**

11. This action arises under the laws of the United States and is brought pursuant to the terms of the Labor-Management Relations Act of 1947, as amended, 29 U.S.C. §185. Jurisdiction is based on the existence of questions arising thereunder as hereinafter more fully appears. The rights

asserted herein arise from the same series of transactions as Count I and there are common questions of law and facts to both Counts.

12. Plaintiff Union is a labor organization representing certain of Defendant's employees as the duly authorized collective bargaining representative, and is party to a certain collective bargaining agreement to which Defendant, R.G.H. HEATING & COOLING, INC., an Illinois corporation, is also a party and to which said Defendant has agreed to be bound.

13. Under the aforesaid collective bargaining agreement, Defendant has agreed to deduct from the wages of those of its employees represented by Plaintiff Union in collective bargaining and who execute proper written authorization, sums of money as and for union dues, which monies are to be remitted to Plaintiff Union on a monthly basis along with Defendant's regular fringe benefit reports and contributions as described in Count I of this Complaint.

14. Defendant has deducted or has been required to deduct dues from the wages of its employees as required by the collective bargaining agreement, but has failed and refused to remit any part of such monies so deducted to Plaintiff Union, but has instead converted such monies to its own use.

15. The total amount of money that Plaintiff Union knows Defendant to have failed to remit in violation of the collective bargaining agreement is unknown at this time due to Defendant's failure to submit all required monthly fringe benefit contribution reports.

16. The Defendant's acts and omissions as described herein constitute a breach of the collective bargaining agreement and entitle Plaintiff Union to recover from Defendant all monies which Defendant was required to remit to Plaintiff Union whether deducted from wages or not and

whether traceable or untraceable commingled with Defendant's assets, and further entitle Plaintiff Union to recover from Defendant its damages for breach of Defendant's obligations.

WHEREFORE, Plaintiff Union prays:

(A) That judgment be entered in its favor and against Defendant for all sums determined to be due Defendant to Plaintiff Union;

(B) That Plaintiff Union recover from Defendant its damages and all costs of collection and recovery including its reasonable attorneys' fees and costs;

(C) That Plaintiff Union have such further relief as may be considered just and equitable by the Court, all at Defendant's cost.

### COUNT III
### Breach of Promissory Note

17. Plaintiffs reallege and incorporate by reference Paragraphs 2 through 10 into this Count.

18. Plaintiffs state that federal jurisdiction over this claim is also proper as this claim is "so related" to the claim in Count I that it forms "part of the same case or controversy." 29 U.S.C. §1367.

19. Defendants have not timely paid $24,634.84 of the remaining amount due under the Promissory Note. Defendants have failed to observe the terms of and breached the Promissory Note, and are liable therefore for breach of contract.

WHEREFORE, Plaintiffs pray that this Court enter judgment against Defendants for the balance due on the Promissory Note ($24,634.84), and such further relief as may be deemed just and equitable by the Court.

/s/ Cecilia M. Scanlon

Catherine M. Chapman
Cecilia M. Scanlon
Attorneys for the Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.: 6288574
Telephone: 312/216-2577
Facsimile: 312/236-0241
E-Mail: cchapman@baumsigman.com

I:\265J\R.G.H. Heating\#28274\complaint.cms.df.wpd